IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

ANDREW PILZ, *et al.*,
    Plaintiffs,

vs.

ILHAN PERE, *et al.*,
    Defendants.

Civil Action No.  CCB-07-1314

## MEMORANDUM OPINION

Before the Court is a petition for a temporary restraining order ("TRO") (Paper No. 2) filed by Plaintiffs against three Defendants.  Although the case has been assigned to Judge Catherine C. Blake of the Northern Division of this Court, the TRO motion comes before the Court in its obligations as Chambers Judge for the Southern Division.  The Complaint alleges three counts including a Federal RICO claim under 18 U.S.C. § 1964 and two state claims (Extortion and Conspiracy to Injure) based upon Virginia law.  On May 17, 2007, the Court heard from the Plaintiffs who appeared in chambers through their counsel and two of the parties who were connected to the chambers conference by telephone.[1]  The essence of the controversy surrounds the purchase of $100,000 worth of stock in the Plaintiff corporation by the Defendant husband and wife.  Defendants claim security deficiencies in the stock purchase and they have been demanding a repayment of their investment in the corporation.

The Verified Complaint and request for a TRO alleges that Defendants have made threats and other improper debt collection tactics against Plaintiffs in an effort to get their investment back. Defendants deny any threats and the Defendant husband indicated that the Plaintiffs have promised

---

[1]  The third Defendant is the wife of one of the defendants, who represented to the Court that he was also representing his wife.

1

over and over again to return their money but have not done so. Defendants also indicated that they have made other investments in the spa and, having already paid for those services, are entitled to use them.

The Court heard from both sides and does not feel that Plaintiffs have made a sufficient showing to warrant issuance of a TRO. First, while there is some harm associated with improper collection of debts, the Court cannot find from what was described in the Complaint nor represented at the conference as what was taking place constitutes the kind of irreparable harm that typically supports the issuance of a TRO. While Defendants deny any threats and claim to be properly seeking repayment of their money, there would be little harm to Defendants if the court would issue an injunction against improper debt collections. With reference to the likelihood of success on the merits, from a quick perusal of the pleadings and from what was represented at the hearing, the Court makes a few observations. First, inasmuch as all of the parties except one Defendant are Virginia residents, the corporate Plaintiff is located in Virginia and two of the three claims are Virginia claims, it is feasible that the issue of venue may be debated and, upon review, resolved by the Court. Second, a preliminary glance at the Complaint and the allegations set forth therein appear to raise an issue of personal jurisdiction as to two of the defendants who are Virginia residents. Finally, the third named Defendant, who represented at the hearing that he lives in Annapolis, Maryland, specifically objected to being named individually inasmuch as the alleged acts of collection in this matter, he asserted, were done while he was acting as a corporate president and not in his individual capacity. While the Court does not express any opinion at this point as to the merits of this challenge and the merits of other issues which may be raised,[2] the Court has some

---

[2] In addition to the issues of venue and personal jurisdiction, the Court notes that Plaintiffs' only federal claim is under the federal RICO statute. Should Plaintiffs be unable to establish this claim, the Court will likely have to address whether to exercise supplemental jurisdiction under 28 U.S.C. § 1367 as to the remaining Virginia state law claims.

reservations with respect to the likelihood of success on the merits.

Moreover, the Court believes there is a plausible argument that Plaintiffs may have an adequate remedy at law with respect to damages should they prevail in this matter. With reference to the public interest, there are no significant facts that the Court can point to at this juncture to provide a basis of support to either side.

In sum, the Court has reviewed the factors under the Blackwelder standard and cannot find that Plaintiffs have satisfied their burden for issuance of a TRO. *See Blackwelder Furniture Co. v. Seilig Mfg. Co., Inc.*, 550 F.2d 189, 193-96 (4th Cir. 1977). Accordingly, the request for a TRO will be denied.

## **CONCLUSION**

For the reasons stated above, the Court denies Plaintiffs' Motion for a Temporary Restraining Order (Paper No. 2). A separate Order consistent with this Memorandum Opinion will follow.


Date:  May 18, 2007                                              /s/
                                                    Alexander Williams, Jr.
                                                    United States District Judge