IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANDREW PILZ, ET AL. | : | |
| | : | |
| v. | : | CIVIL NO. CCB-07-1314 |
| | : | |
| ILHAN PERE, ET AL. | : | |

...o0o..

**<u>MEMORANDUM</u>**

The complaint in this case arises out of a dispute between the Peres, Virginia residents who purchased shares in a Virginia company, Skin Appeal Day Spa, Inc., and the Pilzes, also Virginia residents, who are officers and shareholders in Skin Appeal. In an attempt to obtain a return of their investment in the amount of $100,000, the Peres allegedly harrassed the Pilzes and retained the services of Bruce Trulio and his business entity Maximum Associates, Inc. Trulio, who uses a Maryland address, sent an allegedly threatening letter to the Pilzes on March 15, 2007. On May 17, 2007, the Pilzes filed suit in this court asserting a violation of the federal RICO statute, 18 U.S.C. § 1961 *et seq.*, against Trulio (Count One) and extortion and conspiracy against all defendants in violation of Virginia state law (Counts Two and Three). A request for a TRO was denied on May 18, 2007 by Judge Alexander Williams of this court.

Now pending are the Peres' motion to dismiss for lack of personal jurisdiction or to transfer the case to the Eastern District of Virginia, and Trulio's motion to dismiss primarily for failure to name his business, Maximum Associates, Inc., as a defendant rather than him as an individual. Trulio asserts that Maximum Associates is a Florida corporation.

Generally, when a defendant challenges a court's personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of proving, by a preponderance of the evidence, grounds for jurisdiction. *See Carefirst of Md., Inc. v. Carefirst*

*Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396-7 (4th Cir. 2003).  However, if the court does not hold an evidentiary hearing, as in this case, the plaintiff is only required to make a prima facie showing of personal jurisdiction.  *See id.* at 396; *Estate of Bank v. Swiss Valley Farms Co.,* 286 F. Supp. 2d 514, 516 (D. Md. 2003).  The court must resolve all factual disputes and make reasonable inferences in favor of the plaintiff.  *See Carefirst*, 334 F.3d at 396.

The existence of personal jurisdiction over the Peres in Maryland is at best doubtful, as it rests entirely on their retaining of Trulio and his use of a Maryland address to send the March 15, 2007 letter to the Pilzes.  A single contract between an in-state and out-of-state party does not necessarily establish jurisdiction.  *See Johansson Corp. v. Bowness Const. Co.*, 304 F. Supp. 2d 701, 705 (D. Md. 2004).  Where jurisdiction is doubtful, transfer is often the better course for the reasons set forth in *Coleman & Assoc., Ltd. v. Colonial Metals*, 887 F. Supp. 116, 120 (D. Md. 1995).  Further, with the exception of Trulio's use of a Maryland address, all the events at issue in this case took place in Virginia between Virginia residents involving a Virginia company.  Trulio's pro se motion to dismiss, while not entirely clear on the point, does not seem to contest that this is a "Virginia" case, *(see* Trulio's Motion to Dismiss at 2; Trulio's Answer to Plaintiffs' Opposition at 3), that could "more appropriately" be filed in Virginia state court, (Trulio's Answer at 4.)   Accordingly, transfer in the interest of justice under 28 U.S.C. § 1406(a) to the Eastern District of Virginia, rather than dismissal, is warranted.  *Johansson,* 304 F. Supp. 2d at 709.  Transfer also is warranted under 28 U.S.C. § 1404(a) for the convenience of parties and witnesses.  *Coleman*, 887 F. Supp. at 120.

Trulio raises several issues in his motion to dismiss, some of which may require discovery into the structure and business operations of Maximum and Trulio's conduct of that

2

business. Other issues may be disposed of on the present papers. Trulio does not deny residence in Maryland. He agreed to accept service by e-mail, was also served by facsimile, and appeared by telephone before Judge Williams at the TRO hearing. Although issues relating to the business operations of Maximum Associates, Inc., and its relationship with Trulio remain to be resolved, Trulio is properly before the court at this time.[1]

Accordingly, Trulio's motion to dismiss will be denied so far as it relates to lack of service, improper venue and jurisdiction; and denied without prejudice as to his assertions that the corporation is the proper defendant and that the plaintiffs have failed to state a claim.

A separate Order follows.

   August 30, 2007                                              /s/
           Date                                                     Catherine C. Blake
                                                                       United States District Judge

---

[1] The RICO statute authorizes nationwide venue and service of process in any district in which a defendant "resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a, d). Thus, *in personam* jurisdiction will be established over a validly served defendant provided such jurisdiction comports with the Fifth Amendment. *See ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 626-27 (4th Cir. 1997). While inconvenience to a defendant may factor into a transfer decision, only when such inconvenience is extreme will the exercise of personal jurisdiction be defeated. *Id.* at 627.